IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUELINE NORTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 22-cv-4014 |
| ) | |
| WAL-MART, INC., a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

NOW COMES Defendant, **WALMART INC.**, by and through its attorneys, James P. Balog and Ariel T. Flood of O'Hagan Meyer LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. Both at the time of the commencement of the State Court action and at the present time, Defendant, WALMART INC., is a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit A). A corporation has a single principal place of business where its executive headquarters are located. Metropolitan Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, WALMART INC. . is and has been a citizen of Arkansas.

3. This matter arises out of an incident, which occurred on June 6, 2020, at Walmart store located at 17550 S. Halsted Street, in the city of Chicago, Cook County, Illinois. Plaintiff, Jacqueline Norton, filed a Complaint in the Cook County Circuit Court, Law Division, styled JACQUELINE NORTON v. WAL-MART, INC. a Delaware Corporation, bearing Cook County, Illinois, Case No. 2022 L 004981. (*See* Plaintiff's Complaint, attached as Exhibit B).

4. WALMART INC. . first received Plaintiff's Complaint when it was served with process on June 6, 2022. (*See* Service of Process Transmittal, attached as Exhibit C). In response to the Complaint, WALMART INC. filed a Request for Admission of Facts on June 16, 2022. (*See* WALMART INC.'S Request for Admission of Facts, attached as Exhibit D).

5. The Request for Admission of Facts seeks Plaintiff to admit that she is, and was at the time of the incident, a citizen of Illinois and that the amount in controversy exceeds $75,000. (Exhibit D).

6. Pursuant to Illinois Supreme Court Rule 216(c) regarding Admission in the Absence of Denial, " [e]ach of the matters of fact and the genuineness of each document of which admission is requested **is admitted** unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part."

7. According to Illinois Supreme Court Rule 216(c), Defendant was to have Plaintiff's Response to its Request for Admission of Facts within 28 days of service, on or before July 14, 2022.

8. To date, Plaintiff has not responded to Defendant's Request for Admission. As such, the matters of fact within Defendant's Request for Admission are deemed admitted by operation of law.

9. Where a case is not removable by review of the initial pleadings, WALMART INC. has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice,

2

WALMART INC. has properly filed its Notice of Removal within the applicable thirty-day time frame, as until July 14, 2022, WALMART INC. had no notice that Plaintiff was a citizen of Illinois or that this case exceeded the jurisdictional amount necessary to trigger removal.

10. With the first notice that Plaintiff is a citizen of Illinois and that the amount in controversy exceeded $75,000 occurring on July 14, 2022, this Notice was filed within thirty (30) days of "receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

11. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

12. By removing this action, Defendant does not waive any defenses available to it.

13. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

14. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WALMART INC. prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: August 2, 2022

                                           Respectfully submitted,
                                           O'HAGAN MEYER LLC

                         By:    /s/Ariel T. Flood
                                           One of the Attorneys for Defendant,
                                            WALMART INC.

James P. Balog, Esq.
Ariel T. Flood, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601

Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
aflood@ohaganmeyer.com